# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

JORY STRIZICH,

                    Plaintiff,

     vs.

LYNN GUYER, et al.,

                    Defendants.

**CV 20-40-H-BMM-JTJ**

**ORDER**

Plaintiff Jory Strizich filed a Complaint against numerous Defendants based on the new mail policy implemented by the Montana State Prison ("MSP").  Doc. 2. Plaintiff also filed a Motion for Preliminary Injunction.  Doc. 10.  Defendants filed a Motion for Summary Judgment.  Doc. 17.  Plaintiff filed a Rule 56(d) Motion asking the Court to defer resolving Defendants' Motion for Summary Judgment (Doc. 17) until after the conclusion of discovery.  Doc. 33.  Plaintiff filed a Motion for Extension of Time to file a reply brief for Plaintiff's Motion for Preliminary Injunction.  Doc. 39.  Plaintiff also filed several motions related to subpoenas. Docs. 38 & 42.

The Court referred all pre-trial motions to United States Magistrate Judge John Johnston.  Doc. 1.  Judge Johnston issued a Findings and Recommendations for these motions.  Doc. 44.  The Findings and Recommendations granted Plaintiff's

Motion for Extension of Time (Doc. 39); denied without prejudice Plaintiff's subpoena motions (Docs. 38 & 42); recommended that the Court deny Defendants' Motion for Summary Judgment (Doc. 17); recommended that the Court deny Plaintiff's Motion for Preliminary Injunction (Doc. 10).  Doc. 44 at 20−21.

The Findings and Recommendations contains a typographical error related to the disposition of Plaintiff's Rule 56(d) Motion. *See* Doc. 44 at 20.  The Findings and Recommendations make clear that Judge Johnston intended to grant Plaintiff's Rule 56(d) Motion to allow Plaintiff time to conduct discovery before the Court rules on Defendants' Motion for Summary Judgment.  The Findings and Recommendations states "[t]he Court will allow [Plaintiff] to conduct discovery so that he may have an opportunity to gather evidence in his effort to refute the common-sense connection between the [new mail policy] and MSP's objective." *Id.* at 14.  The Findings and Recommendation should read, therefore, "[Plaintiff's] motion to stay summary judgment proceedings (Doc. 33) is GRANTED."

**BACKGROUND**

Plaintiff is a state prisoner.  The Complaint asserts claims under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. Doc. 2.  The Complaint stems from the new mail policy implemented by MSP.  *Id.* MSP staff realized discrepancies existed between the Montana Department of Corrections mail policy and the MSP mail policy.  Doc. 19 at 9.  MSP amended its

2

policy and sent a memorandum to inmates and staff informing them of the changes. *Id*. at 10; Doc. 20-3.

The new mail policy requires incoming correspondence to be on white copy, printer, loose-leaf paper, or on standard stock postcards. Doc. 20-3 at 1. Due to the "increased susceptibility for concealment of contraband," the policy prohibits certain correspondence, including postcards featuring any type of printed design, picture, or depiction; greeting cards; or, any unusually thick paper or stationary. *Id*. The policy provides that incoming correspondence must be written in pen or pencil. *Id*. This requirement prohibits correspondence written in marker, crayon, colored pencil, glitter, chalk, lipstick, or any type of adhesive material. *Id*. Regarding violations, the policy states the following:

> All incoming correspondence from the public cannot have any address labels, stickers, purchased postage stamps on any part of the mail. All mail must be sent with a pre-stamped envelope or USPS meter stamp indicating it was mailed directly from the USPS; exceptions may be allowed (*e.g.*, international mail, and mail from businesses and institutions). Any mail in violation of this policy will be returned to the sending party without notice to the inmate."

Doc. 29 at 9.

Plaintiff alleges nine grounds for relief based on the new mail policy: (1) Defendants violated his First Amendment right to correspond by prohibiting him from receiving greeting cards; (2) Defendants violated his First Amendment right to correspond by prohibiting him from receiving postcards featuring any type of printed

design, picture, or depiction; (3) Defendants violated his First Amendment right to correspond by prohibiting him from receiving all correspondence from the public that had any sticker address, sticker label, or purchased sticker postage stamps; (4) Defendants violated his Fourteenth Amendment right to due process by denying procedural protections in relations to rejected mail; and, (5−9) Defendants, acting in concert and in furtherance of an agreement, on five separate occasions between February and May 2020, conspired to violated his First and Fourteenth Amendment rights by rejecting letters and pictures from Ashley Gavin, without procedural protections, in retaliation for a prior lawsuit, grievances, and other complaint plaintiff made, in an effort to chill his right to petition the court.  Doc. 2.

Plaintiff filed a Motion for Preliminary Injunction.  Doc. 10.  Plaintiff asks the Court to enjoin Defendants, their successors, agent employees, and attorneys and all other persons acting in concert and participation with them, from enforcing the new mail policy upon Plaintiff, withholding and rejecting Plaintiff's incoming mail without legitimate penological interest, denying Plaintiff procedural protections for withheld and rejected mail to prevent the spoliation of relevant evidence, and destroying any copies of Plaintiff's incoming mail which are maintained in his mini, main, STG, or other prison file.  *Id.*

Defendants filed a Motion for Summary Judgment.  Doc. 17.  Defendants make the following arguments: (1) Plaintiff failed to exhaust his administrative

4

remedies; (2) Defendants did not violate any of Plaintiff's federal rights; (3) even if Plaintiff could show a constitutional violation, Defendants are entitled to qualified immunity in their individual capacities because the rights at issue were not clearly established; and, (4) sovereign immunity bars monetary damages against Defendants in their official capacity.  *Id*.

Plaintiff responded to Defendants' Motion for Summary Judgment by filing a request to defer ruling under Fed. R. Civ. P. 56(d).  Doc. 33.  Plaintiff asserts that he cannot properly respond to Defendants' Motion for Summary Judgment (Doc. 17) until he has conducted discovery.  *Id*.

**FINDINGS AND RECOMMENDATIONS (Doc. 44).**

**Defendants' Motion for Summary Judgment.**

Judge Johnston noted that Plaintiff retains a First Amendment right to send and receive mail.  Doc. 44 at 9 (citing *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995).  A prison regulation that interferes with a plaintiff's right to send and receive mail proves valid if it is "reasonably related to legitimate penological interests."  *Id*. (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Judge Johnston wrote that determining whether a policy reasonably relates to legitimate penological interests requires a burden shifting analysis.  *Id*. at 12 (citing *Frost v. Symington*, 197 F.3d 348, 357 (9th Cir.).  First Defendants must show generally that the new mail policy reasonably relates to legitimate penological

5

interests. *Id*. Plaintiff can then put forth evidence that "refutes a common-sense connection between the prison regulation and the objective that the government's counsel argues the policy was designed to further." *Id*. Finally, Defendants can put forth evidence that the connection is not "so remote as to render the policy arbitrary or irrational." *Id*.

Judge Johnston determined that Defendants satisfied their initial burden of showing that the new mail policy reasonably relates to legitimate penological interests. Doc. 44 at 12. Defendants claim that the policy seeks to prohibit the introduction of illicit drugs into MSP, which threaten violence to MSP staff and inmates, undermines the rehabilitative goals of MSP, and exposes MSP staff to potentially dangerous materials. Doc. 29 at 18−19.

The burden than shifts to Plaintiff. *Frost*, 197 F.3d at 357. Judge Johnston determined correctly that Plaintiff requires an opportunity to conduct discovery in order to gather evidence to satisfy his burden of refuting the commonsense connection between the new mail policy and Defendants' stated objective. Doc. 44 at 14. Plaintiff would otherwise be confronted with the herculean task of satisfying this burden with absolutely no discovery. Plaintiff noted the subject matter he would seek to discover. Doc. 34 at 3. Plaintiff would seek the following items: incident reports; investigative reports related to drug smuggling and drug related violence; his own grievance record; descriptions of procedures and protocols used in handling,

6

sorting, and delivering mail; how and if his mail is treated differently; and, statistics reflecting the volume of mail processed before and after MSP implemented the new mail policy. *Id.* Judge Johnston determined that Plaintiff satisfies his burden under Rule 56(d). This evidence would allow Plaintiff to properly respond to Defendants' Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(d).

### Plaintiff's Motion for Preliminary Injunction.

Judge Johnston determined that the record in this case does not warrant a preliminary injunction. Doc. 44 at 19. Judge Johnston determined that Plaintiff has failed to meet his burden of persuasion and has not demonstrated a clear showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of such an order, that the balance of equities tip in his favor, or that an injunction is in the public interest. *Id.* at 17–20. Judge Johnston ultimately recommended that the Court deny Plaintiff's Motion for Preliminary Injunction. *Id.* at 20.

### Remaining Motions.

Judge Johnston granted Plaintiff's Motion for Extension (Doc. 39). Doc. 44 at 20. Judge Johnston also denied without prejudice Plaintiff's subpoena motions (Docs. 38 & 42). *Id.* The parties did not object to these portions of the Findings and Recommendations.

**LEGAL STANDARD.**

The Court conducts de novo review of the portions of a magistrate judge's findings and recommendations to which a party properly objects.   28 U.S.C. § 636(b)(1).   A party makes a proper objection by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the Court is able to identify the issues and the reasons supporting a contrary result."  *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010).

The Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response.  *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

**OBJECTIONS.**

**Defendants' Objections.**

Defendants make three objections to the Findings and Recommendations. Doc. 47 at 4.  First, Defendants object to the determination that the Court should afford Plaintiff an opportunity to conduct discovery in order to gather evidence in

his effort to refute Defendants' claim that the new mail policy maintains a commonsense connection to legitimate penological interests.  *Id*.   Second, Defendants object to the recommendation that Defendants' Motion for Summary Judgment should be denied without prejudice.  *Id*.  Third, Defendants object to the failure to address Defendants' qualified immunity and sovereign immunity defenses argued in Defendants' Motion for Summary Judgment.  *Id*.

These objections prove proper.  *See Holder*, 2010 WL 4102940, at *2.  The Court will review de novo these portions of the Findings and Recommendations.  28 U.S.C. § 636(b)(1).

**Plaintiff's Objections.**

Plaintiff makes five objections to the Findings and Recommendations. Doc. 50 at 3.   First, Plaintiff objects to the application of the *Turner* "reasonableness" standard to evaluate Plaintiff's Fourteenth Amendment procedural due process claim.  *Id*.  Second, Plaintiff objects to the failure to consider certain evidence, relevant to the *Turner* analysis, that Plaintiff provided regarding his First Amendment claims.  *Id*.  Third, Plaintiff objects to the determination that Defendants have met their burden under the first *Turner* factor.  *Id*.  Fourth, Plaintiff objects to the failure of the Findings and Recommendations to address the second, third, and fourth *Turner* factors in considering Plaintiff's First Amendment claims.  *Id*.  Fifth,

Plaintiff objects to the recommendation that the Court deny Plaintiff's Motion for Preliminary Injunction.  *Id*.

These objections prove improper.  *See Kirkegard*, 2014 WL 693315, at *3. Plaintiff's objections fail to provide new legal argument that would result in a different disposition.  Instead, Plaintiff's objections rehash the same arguments initially offered and objecting to the conclusion.  The Court will review for clear error these portions of the Findings and Recommendations.  *Syraz*, 235 F.3d at 427.

**ANALYSIS.**

**Defendants' Motion for Summary Judgment (Doc. 17).**

The Court agrees with Judge Johnston's analysis regarding Defendants' Motion for Summary Judgment and Plaintiff's related Rule 56(d) Motion. *See* Doc 44 at 7−14.  Rule 56(d) provides the Court discretion to defer a motion for summary judgment if a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  Judge Johnston noted correctly that resolving a motion for summary judgment is disfavored where relevant evidence remains to be discovered.  Doc. 44 at 8 (citing *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988)).

*Turner* requires the Court to consider if there exists a rational connection between the new mail policy and legitimate penological interests.  *See Shaw v. Murphy*, 532 U.S. 223, 229 (2001).  Defendants have met their initial burden.

Plaintiff should be afforded the opportunity to conduct discover in order to gather evidence in his effort to refute the commonsense connection Defendants' claim exists between the new mail policy and the security interests in regulating mail coming into MSP.

Fed. R. Civ. P. 56(d) provides the Court with several routes for resolving Plaintiff's Rule 56(d) Motion after determining Plaintiff is entitled to conduct discovery.  The Court can either deny without prejudice Defendants' Motion for Summary Judgment or defer ruling on Defendants' Motion for Summary Judgment until after the conclusion of discovery.  Judge Johnston prefers the first route.  The Court agrees.

Denying without prejudice Defendants' Motion for Summary Judgment allows Plaintiff time to conduct the discovery required to respond effectively if Defendants renew their motion.  This recommendation also allows Defendants, depending on the fruits of discovery, to provide different or additional argumentation for their motion for summary judgment.  Court prefers this outcome, as a matter of efficient docket management, rather than granting Plaintiff's Rule 56(d) Motion and allowing Defendants' Motion for Summary Judgment to languish for the duration of discovery, only to allow supplemental briefing at the conclusion of discovery.

Defendants argue that the Court should address their arguments related to sovereign and qualified immunity.  Doc. 47 at 4.   Defendants argue that Plaintiff

can respond to these defenses without first conducting discovery.   *Id.* at 9.
Defendants' arguments do not persuade the Court.   Determining the validity of these
defenses requires fact specific analyses.     The Court must look to whether
Defendants' conduct violated clearly established statutory or constitutional rights of
which a reasonable person would have known. *Sjurset v. Button*, 810 F.3d 609, 614
(9th Cir. 2015).   Defendants acknowledge that Plaintiff has the duty to prove that the
rights he claims are clearly established.   Doc. 47 at 11 (citing *Brewster v. Bd. Of
Educ.*, 149 F.3d 971, 977 (9th Cir. 1998).     Plaintiff should be afforded the
opportunity through discovery to gather evidence to determine and refine exactly
which rights he claims were violated and by what conduct of Defendants violated
those rights.

Moreover, neither of these defenses are likely to resolve entirely this
litigation.   Defendants' qualified immunity defense protects individual government
officials.   *Sjurset*, 810 F.3d at 614.   Sovereign immunity defenses only bars money
damages. *Lena v. Pena*, 518 U.S. 187, 192 (1996).   Even if the Court were to review
these arguments and rule in favor of Defendants, the parties would still need to
conduct discovery and develop the record to address the remaining claims against
the remaining defendants at a later date.   The Court maintains wide discretion in
resolving pretrial motions. *All. for the Wild Rockies v. Marten*, 200 F.Supp.3d 1129,
1130 (D. Mont. 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254−55 (1936)).

The Court would make better utilization of judicial time and resources by deferring a ruling on Defendants' Motion for Summary Judgment and allow the parties to develop fully the record and then address the issues and motions all at once. Defendants' Objections (Doc. 47) is denied.

### Plaintiff's Motion for Preliminary Injunction.

The Court agrees with Judge Johnston's analysis regarding Plaintiff's Motion for Preliminary Injunction.  Generally speaking, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Heightened scrutiny applies where the movant seeks to alter rather than maintain the status quo.  *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).  Judge Johnston cites correctly the Prison Litigation Reform Act for the preliminary injunction against prison official.  Doc. 44 at 19.

Judge Johnston correctly determined that Plaintiff, who faces a grim uphill battle when the Court addresses Defendants' Motion for Summary Judgment, does not satisfy the burden for a preliminary injunction.  Doc. 44 at 19.  Plaintiff has not met his burden of persuasion or demonstrate a clear showing that he is likely to succeed on the merits.  *Winter*, 555 U.S. at 20.  Plaintiff has not shown that he is

likely to suffer irreparable harm in the absence of a preliminary injunction or that the balance of equities tip in his favor. *Id*. Plaintiff has also not shown that a preliminary injunction is in the public interest. *Id*.

The Court finds no clear error in Judge Johnston's recommended disposition of Plaintiff's Motion for Preliminary Injunction. *See Syraz*, 235 F.3d 422, 427 (9th Cir. 2000). Plaintiff's Objections (Doc. 50) is denied.

**IT IS HEREBY ORDERED**:

The Findings and Recommendations (Doc. 44) is **ADOPTED** in part, and **DENIED** in part.

1.  Plaintiff's Motion for Preliminary Injunction (Doc. 10) is **DENIED**.

2.  Defendants' Motion for Summary Judgment (Doc. 17) is **DENIED** without prejudice. Defendants may refile their motion after the conclusion of discovery.

3.  Plaintiff's Rule 56(d) Motion (Doc. 33) is **GRANTED**,

4.  The Clerk of Court shall enter a scheduling order in this case.

Dated the 9th day of June, 2021.

Brian Morris, Chief District Judge
United States District Court

14