IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORY STRIZICH, | CV 20-00040-H-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| LYNN GUYER, JIM SALMONSEN, D.J. GODFREY, SCOTT MCNEIL, KRISTY COBBAN, BILLIE REICH, TERI GOCHANOUR, JAMES MILLIGAN, and ROXANNE WIGERT, | |
| Defendants. | |

Currently pending before the Court are several motions, including Defendants' Motion to Dismiss Official Capacity Claims (Doc. 77) and Second Motion for Summary Judgment (Doc. 82), as well as various motions filed by Mr. Strizich.

**i.    Access to Audio Recordings**

Mr. Strizich has filed a Motion requesting the Defendants be ordered to arrange for him to listen to audio files consisting of recorded phone calls between him and Ashley Garvin.  (Doc. 92.)  In response, Defendants explain that the audio

1

files were timely provided to Mr. Strizich and he was advised by his present facility, Cheshire Correctional Institution ("CCI") that his counselor, Andrea Bazinet, would need to review the recording before it would be played for Mr. Strizich.  See, (Doc. 95.)  Defendants' response is supported by an affidavit from Jeremy Craft, a paralegal for the Montana Department of Justice, who provided the audio files to CCI and communicated with counselor Bazinet.  (Doc. 95-1.)  Mr. Craft was apparently advised by Ms. Bazinet that rather than have the audio recording reviewed by CCI, Mr. Strizich elected not to listen the audio.  *Id*. at 2. Mr. Strizich disputes the accuracy of Defendants' response.  See, (Doc. 99.)  It appears that in May, Defendants mailed a new audio disc to Mr. Strizich.  See e.g., (Doc. 99-1 at 8); see also, (Doc. 100-1.)  Based upon the purported factual dispute surrounding the audio disc and Mr. Strizich's inability to listen to the calls, he seeks sanctions against Defendants.  (Doc. 100.)

Defendants filed a response to Mr. Strizich's request for sanctions.  (Doc. 103.)  Based upon the parties assertions, it appears that the issue with the audio files stems from both miscommunication and from the formatting of the audio-visual discovery.  It also now appears that Mr. Strizich has been able to review the recordings at issue after being provided the updated version.  See, *Id*. at 103.  Thus, it appears that Mr. Strizich was engaged in reasonable discovery conduct and that what transpired was at most a good faith dispute and/or a misunderstanding.  In

2

any event, it does not warrant the imposition of sanctions.

Mr. Strizich's Motion for Defendants to Arrange Audio Discovery (Doc. 92) will be denied as moot; Mr. Strizich's Motion for Sanctions (Doc. 100) will also be denied.

### ii.    Access to Legal Materials

Next, Mr. Strizich has filed a Motion for Legal Access.  (Doc. 93.)  Mr. Strizich states at CCI he does not have access to legal research materials and that he is not eligible for assistance from the Inmate Legal Aid Program ("ILAP") for his Montana cases, aside from being provided copies of requested statutes and caselaw.  *Id*. at 2-3.  Mr. Strizich indicates that Defendant Reich and Mr. Somogy are aware of the problems he is facing. *Id*. at 3.  Mr. Strizich also indicates that due to the lack of legal resources, he has been unable to respond to Defendants' Second Motion for Summary Judgment or the Motion to Dismiss Official Capacity Claims. *Id*.  Mr. Strizich asserts Defendants have an obligation to make legal materials available to him and transferred him to CCI in an effort to interfere with his ability to prosecute his lawsuits.  *Id*. at 5.

In response, Defendants outline the efforts that have been made in addressing Mr. Strizich's legal access difficulties.  (Doc. 96.)  Mr. Somogy assisted Mr. Strizich in contacting ILAP.  *Id*. at 3.  Additionally, the Montana Department of Corrections provided Mr. Strizich with copies of Titles 44-47 of the 2021

Montana Code Annotated, the 2020 Annotations to the 2019 MCA, as well as a hard drive containing "a plethora" of other legal materials.  *Id*.  Defendants assert: Mr. Strizich's characterization of his access is inaccurate, the DOC has provided him with requested legal materials, and he has adequate access to the courts and legal assistance.  *Id*.  Accordingly, Defendants assert Mr. Strizich's claims are moot, see, *id*. 3-4, and that his claim also fails on its merits.  *Id*. at 4-6.

Defendants' response is supported by an affidavit from Mr. Somogy outlining all of the steps he has undertaken to assist Mr. Strizich.  (Doc. 96-1.) Also, Defendants supplied a copy of the MCA Order Form and information surrounding the Lexis Nexis External Hard Drive provided to Mr. Strizich.  (Docs. 96-2 & 96-3.)  Mr. Strizich seeks leave of the Court to file his reply to the Defendants' response; Defendants have no objection.  See, (Docs. 105 & 106.) The Court has reviewed Mr. Strizich's reply.

Mr. Strizich's motion for leave to file will be granted.  Based upon the record before the Court, however, it appears that Mr. Strizich's claim regarding access to legal materials is now moot and lacks merit.  He is now being provided access to sufficient legal materials and Defendants have not intentionally interfered.  The motion will be denied.

### iii.    Motion for Subpoena Duces Tecum

Mr. Strizich next seeks a Motion for Subpoena Duces Tecum, specifically

4

for documents and electronically stored information regarding a meeting held on

November 18, 2019, In Helena, Montana, before the Law & Justice Interim

Committee.  (Doc. 97.)  At this meeting, discussions were focused, in part, on the

DOC overview regarding Montana State Prison's visitation program, including the

inmate mail and grievance processes.  *Id*. at 2-3.

In response, Defendants explain that a subpoena is not necessary.  The

requested documents are publicly available online through Montana's Legislative

Services Division.  (Doc. 98 at 1-2.)  Because Defendants were unsure of Mr.

Strizich's ability to access the online records, Defendants mailed a copy of the

records to CCI and made arrangements for Mr. Strizich to review the materials.  *Id*.

at 2; see also, (Doc. 98-1.)  Because he has been provided the materials he sought

via subpoena, Mr. Strizich's motion will be denied as moot.

### iv.    Motion to Amend Scheduling Order

Mr. Strizich seeks and order from the Court extending the pretrial motions

deadline for 60 days.  (Doc. 102.)  Defendants have no objection to the request.

(Doc. 104.)  Mr. Strizich's motion will be granted.  The pretrial deadline will be

extended until **September 16, 2022**.

Accordingly, IT IS HEREBY ORDERED:

1. Mr. Strizich's Motion for Defendants to Arrange for Plaintiff to Listen to

Audio Discovery (Doc. 92) is DENIED as moot and Mr. Strizich's Motion for

Sanctions (Doc. 100) is DENIED.

2.  Mr. Strizich's Motion for Legal Access (Doc. 93) is DENIED.  Mr. Strizich's unopposed Motion for Leave to File Reply (Doc. 105) is GRANTED.

3.  Mr. Strizich's Motion for Subpoena (Doc. 97) is DENIED as moot.

4.  Mr. Strizich's unopposed Motion to Amend Scheduling Order (Doc. 102) is GRANTED.  All pretrial motions with supporting briefs shall be filed and served on or before **September 16, 2022**. The remainder of the briefing shall occur in accordance with the Scheduling order.  See, (Doc. 64 at 7.)

DATED this 3rd day of August, 2022.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge